*Quigley, for appellant.*

*James, for appellee.*

---

## DAVID W. PHILLIPS *v.* BEN DOOM, ETC.

**Wills—Construction—Estate Granted.**

> Where a will devised to the testator's wife and son all of his property, "to have and to hold to themselves, subject to such provisions and limitations as are therein annexed," a further provision that the devise to the wife should, on her death, pass to the son, and that after the death of the wife the son should pay certain of the testator's grandchildren legacies amounting to $5,000, the whole estate passed to the son charged with the support of the wife and the payment of the legacies to the grandchildren.

APPEAL FROM MARION CIRCUIT COURT.

February 27, 1873.

OPINION BY JUDGE PRYOR:

David Phillips of the County of Marion died, leaving a last will and testament, and by the first clause thereof devised to his wife, "Elizabeth, and son, David W. Phillips, all of his estate of every kind, real and personal, to have and to hold to themselves, subject to such provisions and limitations as are hereafter annexed." By the second clause of the will he says: "That portion of my estate which I have above given to my wife she is to enjoy in conjunction with my son David during her life, and at her death to belong to

my son David, and that and the other portion above given to him is to be his absolutely and forever."

In the fourth clause of the will he directs his son David, after the death of his, the devisor's wife, to pay over to two of his grandchildren and a daughter certain specified legacies amounting in the aggregate to five thousand dollars.

If the first clause of the will is to be construed without reference to the subsequent provisions of the instrument, there would be no doubt but what the mother and son held the estate devised as joint tenants, but when considering all the provisions of the will together we have no idea that the devisor ever intended to give his wife, whilst she remained his widow, a greater interest in his estate than would maintain and support her. His clear intention was to give the whole of his estate to David during the life of the mother, subject to such use and enjoyment by her as would supply all her wants, and the better to enable this to be done he is required to pay no part of the moneyed bequests until after her death. It was never contemplated by the devisor that the labors of David in the management of the estate by which it was increased in value by way of interest or profit on merchandise or the farm should be divided in any manner between him and the other devisees, or even with the mother, except as to the mere enjoyment of so much and no more, as would support her comfortably.

It is alleged in the petition and conceded by the answer that David was the business manager of the whole estate and that profits had been realized from it, either by reason of his own exertions or by the natural increase of the funds in his hands, still, this in no wise deprives him of the beneficial use of the principal and interest, except so far as was necessary to satisfy the encumbrances upon it. These were the pecuniary legacies mentioned in the will, and the mother's claim to the support and maintenance.

She lived with her son, controlled and used, doubtless, what she needed of the estate to supply all her wants and make her comfortable in life, and this was the enjoyment and interest with which the devisor intended to invest his wife when he executed the instrument, and is all that passed to her by that paper.

The chancellor, upon application by the widow to have allotted her the interest to which she was entitled by the will, would have assigned her only so much as would have been ample for her support and enjoyment.

The whole tenor of the will impresses the mind at once that the only incumbrance placed upon the estate was the support of the devisor's wife and the payment of the legacies after her death.

As this view of the case is in conflict with the judgment of the court below, that judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*Rountree, for appellant.*

*Johnson, Knott & Harrison, for appellees.*